LORETTA McGEE AND WILLIAM McGEE, RESPONDENTS, v. GEORGE KRAFT AND THE GREAT ATLANTIC AND PACIFIC TEA COMPANY, APPELLANTS.

Submitted February 17, 1933—Decided April 27, 1933.

For the appellants, *Edwards, Smith & Dawson.*

For the respondents, *De Turck & West.*

The opinion of the court was delivered by

LLOYD, J.   Mrs. McGee was injured by falling on the floor of a grocery store operated by the Great Atlantic and Pacific Tea Company and she and her husband brought suit to recover damages for the injuries sustained, claiming that the fall was due to the negligence of the employes of that company.

There appears to have been a verdict and judgment for the wife alone and from this judgment the defendant company appeals, alleging as grounds of appeal that the court erred in overruling a motion for nonsuit and in the admission of portions of the evidence.

The plaintiffs' proofs tended to show that Mrs. McGee entered the store of the defendant to purchase groceries, and that when she was about to leave she slipped on a pool of oil covering a spot on the floor and received the injuries complained of.   There was also some evidence that after the accident the place was covered with sawdust and that the manager was just about to put the sawdust down when the accident happened.

It was in this state of the proofs that the motion for non-

suit was made and denied, and if the defendant had sub-
mitted its case at this point without further evidence the
question would be squarely presented whether it was suffi-
cient to justify an inference of negligence in the defendant.
When the plaintiffs' case was closed there was no proof as
to the origin of the oil, the duration of its presence on
the floor or that the defendant was apprised of the con-
dition of the floor at the time, but subsequent proofs estab-
lished that those in charge of the store were accustomed to
cleaning and oiling the floor; that the oiling was done with
a swab which was dipped in a bucket containing the oil, and
that such oiling was last done on the preceding Saturday
night, the accident having occurred on Wednesday.

It is well settled that a ruling denying a motion for non-
suit, erroneous at the time it is made, may be cured by sub-
sequent proofs. *Van Cott* v. *North Jersey Street Railway
Co.*, 72 *N. J. L.* 229. Assuming that the motion when made
should have been granted, we think the proofs later appearing
cured the error. The only source of the oil justifiable under
the proofs was then traceable to the defendant itself, or at
least so the jury might find, and this being true when the
case was finally closed it was for the jury and not for the
judge to pass upon.

The evidence of the oily condition of the plaintiff's coat
when taken to the tailor for cleaning was properly received,
in view of the proofs offered as to the condition and custody
of the coat at the time of the accident and subsequent thereto
up to the time the witness received it.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-
CHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER,
VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL,
JJ. 15.

*For reversal*—None.