FIRST NATIONAL BANK AND TRUST COMPANY OF PAULS-
BORO, PLAINTIFF-RESPONDENT, v. ANDREW LUGAR
AND WOODBURY TRUST COMPANY, EXECUTOR, DE-
FENDANTS-APPELLANTS.

Submitted January 31st, 1936—Decided April 21, 1936.

Before BROGAN, CHIEF JUSTICE and Justices LLOYD and
DONGES.

For the plaintiff-respondent, *Charles Camp Cotton*.

For the defendant-appellant Woodbury Trust Company,
*George B. Marshall*.

PER CURIAM.

This is an appeal from a judgment of the Gloucester
County Circuit Court in favor of the plaintiff. The suit was
on a promissory note of defendant Andrew Lugar in the sum
of $4,000, dated December 18th, 1930, payable on demand
to Susanna M. Heritage and Mary E. Heritage, and
endorsed by them. They were admittedly accommodation
endorsers. Lugar paid the interest on the note up to Octo-
ber, 1934, but made no payments on the principal.

Mary E. Heritage died February 23d, 1932, and no claim
was made against her or her estate.

Susanna M. Heritage died January 3d, 1933. Her will
was probated and a rule to bar creditors made on July 16th,
1933. The first accounting of her estate was allowed Sep-

tember 20th, 1934, showing a balance for distribution of over $11,000. On or about December 27th, 1933, the plaintiff bank learned of her death and began negotiations with the defendant-appellant Woodbury Trust Company, executor of her estate looking to payment. On April 2d, 1934, plaintiff made demand of Lugar for payment and sent notice of protest to the appellant.

The sole question raised at the trial was that of demand and presentment within a reasonable time. The trial court submitted this question to the jury, which found for the plaintiff.

The appellant first argues that its motion for a nonsuit should have been granted because when plaintiff rested, after merely proving the note and the amount due thereon, there was no evidence at all of demand within a reasonable time. However, this may be, "it is well settled that a ruling denying a motion for nonsuit, erroneous at the time it is made, may be cured by subsequent proofs." *McGee* v. *Kraft*, 110 *N. J. L.* 532; 166 *Atl. Rep.* 80. We think appellant cannot complain that some evidence on this subject came on rebuttal, because no objection was made to the admission of testimony on the ground that it was not proper rebuttal.

It is next argued that it was error to refuse to direct a verdict for defendant on the ground that there was no question of fact for the jury as to demand within a reasonable time. We think this is not so. This is the theory on which the case was tried by both sides. The appellant itself opened this question by asking one of its witnesses whether a delay of three years and four months in presenting such a note was reasonable or unreasonable. The plaintiff produced bankers in the locality who testified that it was not unreasonable to allow a demand note, upon which there were endorsers, to run for such a period of time, when the principal debtor promptly made payments of interest. This question was tried out and there was evidence on both sides, requiring submission to the jury. Such evidence is material under the one hundred and ninety-third section of the Negotiable Instruments act (3 *Comp. Stat., p.* 3757) :

"In determining what is a 'reasonable time' or an 'unrea-

sonable time' regard is to be had to the nature of the instrument, the usage of trade or business (if any) with respect to such instruments, and the facts of the particular case."

We conclude there was no error in refusing to direct a verdict.

The third point deals with requests to charge, all of which, admittedly, were in effect directions to return a verdict for the defendant-appellant. What has been said above disposes of this point.

The judgment is affirmed, with costs.